UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JESSE L. YOUNGBLOOD,

        Plaintiff,

vs.

FEATHER FALLS CASINO, et. al.,

        Defendants.

No. C 13-1282 PJH (PR)

**ORDER OF DISMISSAL**

Plaintiff, a prisoner at Corcoran Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

1  requires more than labels and conclusions, and a formulaic recitation of the elements of a
2  cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief
3  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
4  (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is
5  plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained
6  the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the
7  framework of a complaint, they must be supported by factual allegations.  When there are
8  well-pleaded factual allegations, a court should assume their veracity and then determine
9  whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct.
10 1937, 1950 (2009).

11      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
12 elements:  (1) that a right secured by the Constitution or laws of the United States was
13 violated, and (2) that the alleged deprivation was committed by a person acting under the
14 color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

15 **B.     Legal Claims**

16      Plaintiff alleges that he slipped and fell while at Feather Falls Casino on July 12,
17 2002, prior to his incarceration.  Plaintiff alleges that he filed several lawsuits in state and
18 federal court that were dismissed and also various appeals that were denied.  Plaintiff
19 states that while incarcerated at Salinas Valley State Prison from 2005 to 2010 his legal
20 work was being sabotaged by unnamed defendants which prevented him from continuing
21 the litigation.  Plaintiff wants all of his cases reopened and money damages.

22      Feather Falls Casino is located in Oroville, CA which lies in the Eastern District of
23 California.  Court records and plaintiff's complaint indicate that he filed a case in the
24 Eastern District regarding this incident, *Youngblood v. Feather Falls Casino*, 03-1627 WBS
25 JFM.  That case was dismissed with prejudice on June 1, 2004, for lack of subject matter
26 jurisdiction.  To the extent plaintiff seeks this court to reopen his Eastern District or state
27 cases, this court does not have the authority to provide plaintiff the relief he seeks.
28 ///

To the extent plaintiff seeks damages for allegations that his access to the court was denied, this action must also be dismissed. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id*. at 354-55. Assuming plaintiff suffered an actual injury for a non-frivolous claim related to this litigation, it does not involve his conviction or conditions of confinement as the case concerned a slip and fall at a casino prior to incarceration. Therefore, this claim must be denied.

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); s*ee also*, *Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). This appears to be one of those relatively rare cases when to grant plaintiff leave to amend would be patently futile based on the discussion above.

## CONCLUSION

This action is **DISMISSED** with **PREJUDICE** for the reasons set forth above as this case is frivolous and fails to state a claim on which relief may be granted.

**IT IS SO ORDERED.**

Dated: March 29, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Youngblood1282.dsm.wpd

3